## Norfolk

CITY OF NEWPORT NEWS

v.

CAROL ANN BLANKENSHIP

No. 0028-90-1

Decided August 28, 1990

COUNSEL

Collins L. Owens, Jr., Senior Assistant City Attorney, for appellant.

Stephen M. Smith (Joseph Smith, Ltd., on brief), for appellee.

OPINION

**MOON, J.**—The employer, the City of Newport News, appeals an Industrial Commission decision which upheld reinstatement of the claimant's suspended temporary total incapacity award. The employer contends that the claimant is no longer entitled to compensation benefits for her 1984 industrial accident because she settled a claim against a third party tortfeasor who was responsible for a 1986 accident, which exacerbated her 1984 injury, without giving the employer the opportunity to protect its subrogation interest by participating in the settlement. We affirm because we find credible evidence to support the commission's findings that the exacerbation caused by the 1986 accident was only temporary and that settlement of the claim did not prejudice the employer.

Two accidents are involved in this case — a work-related accident in 1984, and a non-work-related accident in 1986. In the first accident, the claimant, while employed as a police officer for the City, sustained a compensable injury on December 8, 1984, when a criminal suspect's car collided with her police car. Thereafter, she was put on light duty status, in which she remained until March 28, 1986, when she was involved in a non-duty automobile accident. As a result of that second accident, she missed eleven days of work, then returned to her light-duty position on April 14, 1986. The claimant was not receiving workers' compensation benefits immediately prior to the second accident.

The claimant filed a claim with the insurance company of the driver at fault in the second accident, and received a settlement of $2500. The settlement was made without the employer's knowledge or consent. The claimant made no claim for workers' compensation, for lost wages, or for medical bills, related to the second accident. Claimant paid her medical bills, resulting from the second accident, from her settlement proceeds. The employer claims it paid a $100 bill from Dr. Adelaar, the treating physician, for a single visit of April 4, 1986. The commission held that there was no evidence that the employer paid for that office visit.

■ The first issue the appellant raises is whether the claimant's settlement of her claim against the third party tortfeasor extinguished her right to workers' compensation. The employer contends that the second accident produced sufficient continuing incapacity to form a basis for a claim against the third party tortfeasor and to justify a finding that it was prejudiced by the claimant's settlement of that claim. The employer argues that when an employee is injured by negligent acts of a third party, the employer is subrogated to a claim the employee has against the third party up to its total liability to the employee under the Virginia Workers' Compensation Act. *See* Code §§ 65.1-41 through 65.1-43. When an employee settles a claim against a negligent third party without the employer's knowledge or consent, the employee's right to benefits under the Act is terminated because the employee, having unilaterally deprived the employer of its statutory right to seek full reimbursement from the third party, also eliminated his own statutory right to further compensation. *Safety-Kleen Corp. v. Van Hoy*, 225 Va. 64, 69, 300 S.E.2d 750, 753 (1983).

■ The commission resolved this issue by making two findings. First, the commission found that the second accident did not disable claimant beyond an eleven day period following that accident and that she returned to her work in a pre-accident condition. Upon appellate review, the findings of fact made by the commission will be upheld when supported by credible evidence. *Dublin Garment Co. v. Jones*, 2 Va. App. 165, 167, 342 S.E.2d 638, 638 (1986). The fact that contrary evidence may be in the record is of no consequence if there is credible evidence to support the commission's findings. *Russell Loungewear v. Gray* 2 Va. App. 90, 95, 341 S.E.2d 824, 826 (1986). In the present case, the commission's

December 5, 1989, opinion shows that it considered the medical opinion from Dr. Adelaar that the second accident exacerbated the injury caused by the first accident. This opinion was in Dr. Adelaar's letters or reports of April 3, 1989, and May 17, 1989. The commission, however, emphasized in its opinion that Dr. Adelaar, in his April 3, 1989, letter, stated that the exacerbation resolved in a short period of time without change in claimant's symptoms from the previous accident. The commission's opinion also shows it considered an opinion of Dr. Muizelaar in his September 8, 1988, report and April 11, 1989, letter. Although some of this evidence arguably is conflicting, we will not overturn a commission's findings of fact where credible evidence supports those findings. Thus, we will not disturb the commission's findings that: (1) the exacerbation caused by the second accident was not prolonged beyond eleven days and; (2) neither Dr. Adelaar's nor Dr. Muizelaar's reports indicate that the two surgical interventions and the periods of incapacity which followed the claimant's return to work were in any way related to or otherwise were provoked by the second automobile accident.

The second finding, which the commission relied upon in dispensing with this first issue, is that the claimant's settlement of the claim against the third party did not prejudice the employer. The employer argues that, because the claimant's condition subsequently deteriorated and she was unable to work since August 31, 1987, it is likely that the employer would have been able to obtain a settlement in excess of the $2500 accepted by the claimant. In its opinion, the commission stated that it found no persuasive evidence to support the employer's claim for a subrogation interest in the proceeds of the $2500 settlement. On appeal, however, the employer argues that a bill from the treating physician to the employer is evidence that the employer paid the bill. We observe that the bill in the record is not marked "paid," nor is there any other evidence in the record to support a finding that the employer paid the bill. In addition, the record reflects that claimant's attorney paid for that office visit from the proceeds of the settlement. Therefore, the commission's conclusion that it found no evidence that the employer paid for the visit is supported in the record. The commission further found that any claim by the employer against the settlement proceeds was not justified by the record. On appeal to this Court, the employer did not point to any evidence to the contrary, other than to argue that claimant's inability to work

since August 31, 1987, was due to exacerbation of her previous injury. We have rejected that argument for reasons previously stated.

■ The second issue that the employer raises is whether the commission erred in holding that the employer had the burden to demonstrate it was prejudiced by the claimant's third party claim settlement and that the employer failed to meet that burden. The employer argued before the commission that the claimant settled a claim for a compensable injury without its knowledge and consent, thereby establishing a prima facie case that the employer had been deprived of its statutory right to seek full reimbursement from the third party. On appeal, the employer argues that, while the commission did not explicitly address this argument in its opinion, it implicitly disagreed by holding that the employer's evidence was insufficient to establish that the employer was prejudiced by the settlement. We hold that the issue of prejudice was resolved by the findings of the commission against the employer on the issue of the short term of the exacerbation and the issue of the bill for medical expenses. Once the commission resolved those issues against the employer, there was no other evidence of prejudice. It is immaterial who has the preponderance of the evidence burden of proof if the fact finder forms a belief based upon the evidence. The rule in this regard is that "where there is no conflict in the evidence, the question of sufficiency thereof is one of law." *Payne v. Master Roofing & Siding Co.*, 1 Va. App. 413, 414, 339 S.E.2d 559, 560 (1986).

In its second issue, the employer also contends that the commission ignored the May 9, 1989, letter of Dr. Muizelaar, in which Dr. Muizelaar made a statement regarding exacerbation, by the second accident, of the original injury. In that letter, however, Dr. Muizelaar did not expressly render his own opinion about the duration of exacerbation. Rather, Dr. Muizelaar stated that, in so many words, anything that Dr. Adelaar said is in all likelihood so. Accordingly, Dr. Muizelaar's statement can rise no higher than Dr. Adelaar's opinion, which in the final analysis was credible evidence to support the commission's finding that the term of exacerbation was short.

The commission's disposition of the instant case is consistent with that in its previous case, *Crews v. Professional Janitorial Service*, 65 O.I.C. 334 (1986). In *Crews*, the claimant suffered a

non-work-related automobile accident while still incapacitated from an industrial accident. The commission held that, because the second accident did not prolong the claimant's recovery, the employer could not assert a lien against the third party for compensation benefits but was entitled to reimbursement for medical expenses incurred as the result of the intervening accident. *Id.* at 337. In *Crews*, however, the commission denied the employer's lien for compensation because it could not establish from the medical evidence that the employee's incapacity had been prolonged or that the carrier was out of pocket any amount which it would not have had to pay because of the industrial injury. Such is the case here because the evidence did not establish that the employer paid for the claimant's visit to Dr. Adelaar's office following the second accident.

Accordingly, the decision appealed from is affirmed.

*Affirmed.*

Baker, J., and Benton, J., concurred.