## Norfolk

### GLORIA A. BARNES

v.

### WISE FASHIONS, et al.

No. 0684-92-1

Decided March 16, 1993

COUNSEL

Richard E. Railey (Railey and Railey, on briefs), for appellant.

William W. Nexson (Ingrid E. Olson; Stackhouse, Rowe & Smith, on brief), for appellees.

OPINION

**BRAY, J.**—Gloria A. Barnes (claimant) appeals a decision of the Workers' Compensation Commission (commission) which terminated her benefits "for having prejudiced the rights of subrogation" of Wise Fashions (employer) and American Manufacturers Mutual Insurance Company (carrier). Claimant argues that the commission erred in concluding that injuries suffered in an automobile collision adversely affected her recovery from a previous compensable accident and that she failed to obtain her employer's requisite consent to settle the tort claim. Claimant also contends that the commission improperly declined to hear oral argument incident to its review of the deputy commissioner's decision. We disagree and affirm the decision of the commission.[1]

On appellate review, we must construe the evidence in the light most favorable to the party prevailing below. *Crisp v. Brown's Tysons Corner Dodge, Inc.*, 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986). Factual findings by the commission that are supported by credible evidence are conclusive and binding upon this Court on appeal. *Rose v. Red's Hitch & Trailer Servs., Inc.*, 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990); *Commonwealth v. Powell*, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986). The existence of contrary evidence in the record is of no consequence if credible evidence supports the commission's findings. *Wagner Enters., Inc. v. Brooks*, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

[1] We have not addressed all issues argued by employer because the commission's decision is affirmed on other grounds.

The record discloses that claimant sustained a compensable injury to her back and right leg in 1984 and thereafter received temporary total disability benefits. On April 3, 1987, she was involved in an automobile accident, which, though unrelated to her employment, aggravated the compensable injuries. Claimant subsequently settled with and released the tortfeasor without the approval or participation of employer, despite knowledge of employer's "interest" and its then pending petition to intervene in the civil litigation. When employer learned of the settlement, it filed an application with the commission to terminate benefits, alleging that claimant had wrongfully impaired its statutory right of subrogation against the third party. *See* Code §§ 65.2-309 and 65.2-812.

After consideration of the evidence, the deputy commissioner determined that "[i]nformation . . . indicates that the employer was aware of settlement negotiations and allowed to play a role therein" and refused to terminate benefits. In a June 7, 1991 review opinion, the commission disagreed, finding that "the carrier did not play a role in the settlement negotiations but was only advised of the result after the fact," and "remanded" the case for "determination of the carrier's subrogation rights."

On remand, the only substantive medical evidence before the deputy commissioner was provided by Dr. Alfred P. Magness, claimaint's treating physician. Magness' reports included a recommendation in October, 1986, that claimant "look for a light duty type position," a "status" which he modified in August, 1987, because "her automobile accident had . . . intervened." However, in October, 1987, Magness opined that claimant was "[in]capable of returning to work *before* her automobile accident," and, in August, 1990, that she "was disabled permanently *prior* to her automobile accident" (emphasis added). Based upon this evidence, the deputy commissioner concluded that the "automobile accident . . . significantly affected [claimant's] recovery by further aggravating an already weakened spine" and terminated benefits because "claimant failed to give the employer prior notice of the proposed settlement or to obtain its consent to it."

Claimant appealed to the full commission and requested "oral argument." The commission, however, affirmed the deputy commissioner without oral argument, finding that, "[i]n view of the exacerbation of the claimant's industrial back injury by the automobile accident, the employer would have a subrogation right against the third parties, and it is obvious this right has been destroyed."

■ It is well established that "an employer is subrogated to the rights of an employee against any other party causing an injury . . . for which the employer is required to provide compensation under the Workers' Compensation Act." *Green v. Warwick Plumbing & Heating*, 5 Va. App. 409, 411, 364 S.E.2d 4, 6, *appeal dismissed*, 371 S.E.2d 7 (Va. 1988); *see also* Code § 65.2-309 and 65.2-812. "No distinction is made between the liability of a third person who causes an original injury and one who causes an aggravation of an injury." *Green*, 5 Va. App. at 411, 364 S.E.2d at 6. An "impairment of the right of subrogation through settlement without knowledge or consent of the employer results in termination of compensation benefits even though an employer may have knowledge of the pending third party action." *Id.* at 413, 364 S.E.2d at 6-7; *Safety-Kleen Corp. v. Van Hoy*, 225 Va. 64, 70-71, 300 S.E.2d 750, 754 (1983); *Streich v. Tidewater Dock & Structures, Inc.*, 14 Va. App. 779, 781, 418 S.E.2d 913, 914 (1992); *Ball v. C.D.W. Enters.*, Inc., 13 Va. App. 470, 474, 413 S.E.2d 66, 68-69 (1992); *City of Newport News v. Blankenship*, 10 Va. App. 704, 706, 396 S.E.2d 145, 146 (1990).

In this instance, it is uncontroverted that claimant's counsel first notified employer's counsel of the third-party settlement after it had been effected. Thus, credible evidence supports the commission's finding that "the carrier did not play a role in the settlement negotiations but was only advised of the result after the fact."

Claimant further argues, however, that the commission erred in determining that the automobile accident adversely affected her recovery from the industrial accident. In support of her position, claimant relies upon Dr. Magness' later reports of permanent disability predating the automobile accident. Nevertheless, the commission's finding that claimant's "automobile accident . . . aggravated [her] back condition" is supported by Dr. Magness' earlier recommendation of light duty work, which he withdrew only after the injuries of the automobile accident "intervened." The commission simply resolved an apparent conflict in the several opinions of the "sole expert," Dr. Magness, against claimant, a decision supported by credible evidence and, thus, conclusive and binding upon us. *See Chandler v. Schmidt Baking Co.*, 228 Va. 265, 267-68, 321 S.E.2d 296, 297-98 (1984).

■ Finally, claimant contends that the commission erred in refusing to entertain oral argument during its review of the deputy commissioner's decision. On "an application for review," Code § 65.2-705 permits the full commission to "hear the parties at issue, their representatives, and witnesses," "if deemed advisable," according to the sound discretion of the commission. Because the parties were permitted to file "Written Statements" prior to the decision in this instance, "[a]ll [claimant] lost was the chance to restate that which was already adequately stated in . . . other written communications to the Commission." *Henrico County Sch. Bd v. Bohle*, 14 Va. App. 801, 804, 421 S.E.2d 8, 10 (1992) (quoting *James v. Arlington County Bd. of Supervisors*, 226 Va. 284, 290, 307 S.E.2d 900, 903 (1983)). Under these circumstances, we find no abuse of discretion in the commission's denial of claimant's request to present oral argument.

Accordingly, the decision of the commission is affirmed.

*Affirmed.*

Willis, J., and Elder, J., concurred.