COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


WHITE ELECTRIC COMPANY, INC.
and
STATE FARM GENERAL INSURANCE COMPANY

v.        Record No. 1279-95-1            OPINION
                                   BY JUDGE JOSEPH E. BAKER
CHARLES JOSEPH BAK, JR.                   MARCH 12, 1996


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        William J. G. Barnes (James Hall Revere, III;
        Waddell & Barnes, P.C., on briefs), for
        appellants.

        Stephen J. Davis (Shuttleworth, Ruloff &
        Giordano, P.C., on brief), for appellee.


        White Electric Company, Inc. and State Farm General
Insurance Company (jointly referred to herein as employer) appeal
from a decision of the Workers' Compensation Commission
(commission) that rejected employer's motion to deny further
compensation benefits to Charles Joseph Bak, Jr. (claimant) on
the ground that claimant settled his third-party action against
Paul Ferranti (Ferranti) without notifying or obtaining
employer's agreement to the terms of the settlement.  In its
opinion, the commission noted that the parties were familiar with
the facts and that it would repeat only those necessary to
explain its opinion.  The facts stated in this opinion are facts
found by the commission.  Although employer submits four
questions for our consideration, the determinative issue is
whether the facts are sufficient to support the commission's

decision that claimant's settlement did not deprive employer of subrogation rights under the Workers' Compensation Act (Act). If claimant's actions operated to deprive employer of its rights, claimant would be barred from obtaining further compensation benefits.

On appeal, we must view the facts in the light most favorable to the party prevailing before the commission. Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986). The commission's opinion states that on January 23, 1990, claimant was injured in a motor vehicle accident with Lisa Lannigan (Lannigan). Employer denied claimant's contention that his injuries were job-related. A hearing was held before Deputy Commissioner Arrighi (Arrighi), who found that claimant had suffered a temporomandibular joint (TMJ) injury which was job-related and that employer was responsible for compensation benefits.

When employer failed to accept responsibility for the injuries, claimant petitioned the commission to require employer to comply with Arrighi's finding. On August 24, 1993, another hearing was held, this one before Deputy Commissioner Phillips (Phillips). Phillips also ruled that the TMJ injury was job-related and compensable. In that hearing, Dr. Michael J. Kelley, an oral surgeon, was declared to be the treating physician for the TMJ injury. Employer denied that claimant's dental problems were job-related and requested a review by the

full commission.

While the foregoing described proceedings were pending, on January 23, 1991 claimant was involved in a motor vehicle accident with Ferranti. The parties stipulated that the injuries received in the Ferranti accident were not job-related; however, in a third-party action filed against Ferranti, in his motion for judgment, claimant alleged that as a result of Ferranti's negligence, claimant suffered aggravation of his pre-existing TMJ condition. In the course of that suit, claimant responded to interrogatories propounded to him, swearing that he had presently incurred or in the future would incur medical expenses relating to the TMJ injury in the sum of $17,098.[1] Without notifying employer--or seeking its agreement--claimant settled his suit against Ferranti for $8,000.

On October 25, 1994, on employer's application, a further hearing was held, this time before Deputy Commissioner Lahne (Lahne). Employer contended that any condition from which claimant suffered was caused by his failure to cooperate with medical treatment and that claimant was barred from receiving further compensation benefits because he settled his suit against Ferranti without employer's knowledge or agreement. In support of that contention, employer asserted that the medical evidence showed that the injuries claimant incurred in the January 23,

---

[1] The parties further stipulated that claimant had filed a third-party action against Lannigan, asserting that Lannigan had caused his injuries. The Lannigan suit was still pending.

- 3 -

1991 accident aggravated claimant's TMJ condition, and that the $17,908 in medical expenses claimed by claimant resulted from this aggravation. Lahne stated that the determinative issues were as follows:

> Are the claimant's dental problems as outlined by Dr. Hooper causally related to the 1/23/90 work accident and its aftermath?

> and

> Is the claimant barred from receipt of further compensation benefits by virtue of his settlement of the personal injury claim arising from his 1/23/91 accident?

Lahne found that claimant failed to meet his burden to prove that his dental problems were job-related. Stating that this case was controlled by Barnes v. Wise Fashions, 16 Va. App. 108, 428 S.E.2d 301 (1993), and Green v. Warwick Plumbing & Heating Corp., 5 Va. App. 409, 364 S.E.2d 4, appeal denied, 371 S.E.2d 7 (1988), Lahne also found that claimant was barred from receiving further benefits because of his settlement of the third-party claim against Ferranti. Claimant appealed Lahne's opinion to the full commission.

The commission found that, although the treating physician, Dr. Kelley, initially found that claimant had "reaggravated his old problem," later reports disclosed that no further treatment was necessary after March 15, 1991. The reports also failed to state what, if any, consequence continued beyond that date.

The commission further noted that claimant was examined by Dr. Stanley H. Legum, a dentist, Dr. William S. Dodson, an oral

surgeon, and Dr. Christopher A. Hooper, a dentist, and none related claimant's condition to his January 23, 1991 accident. Specifically, Dr. Dodson reported:

> It is possible to state that the second accident that occurred on 1/23/91 had no influence on the left TM joint. There is no evidence of any further displacement of the articular disc. As stated previously the second accident which occurred on 1/23/91 has no influence on this case whatever as related to any type of injury about the TM joints.

After review of the medical reports, the commission found that City of Newport News v. Blankenship, 10 Va. App. 704, 396 S.E.2d 145 (1990), paralleled this case and held that "claimant's exacerbation resolved in short period of time without change in claimant's symptoms from the previous accident." We have reviewed those reports and cannot say the commission was plainly wrong or that the following findings by the commission are without support in the evidence:

> [W]here the employer's rights to reimbursement for compensation or medical care are limited, and where the compromise settlement is sufficient to compensate the employer and carrier for such loss, there is no prejudice to the employer from the unilateral settlement and benefits are not forfeited. Blankenship, supra.
>   The facts in this case show that the claimant at most suffered a transient increase in symptoms as a result of the 1991 accident, for which he was treated by Dr. Kelley on January 24, February 11, February 15, and March 15, 1991. The total costs of those treatments is shown by the record to be $140.00, which amount was more than covered by the settlement negotiated by the claimant and his attorneys for the 1991 accident. Therefore, the rights of the employer to fully recover the costs of care attributable

even in part to the intervening accident, and the claimant's benefits under the Act for treatment of the work injury are not forfeited.

Employer argues that this case is controlled by Green and Barnes.  We disagree.

Under Code § 65.2-309, an employer is subrogated to the rights of a claimant against a third party for sums the employer has paid or might pay to the claimant.[2]

> When an employer's right to subrogation is defeated by an employee's settlement with a third party without the knowledge or consent of the employer, the employee's benefits under the Workers' Compensation Act are terminated.

Green, 5 Va. App. at 412, 364 S.E.2d at 6 (quoting Safety-Kleen Corp. v. Van Hoy, 225 Va. 64, 69, 300 S.E.2d 750, 753 (1983)); see Barnes, 16 Va. App. at 111, 428 S.E.2d at 302.

In each of the cases cited above, the commission resolved conflicting evidence in favor of the employer and the Court found credible evidence to support the commission's findings:

> On appellate review, we must construe the evidence in the light most favorable to the party prevailing below.  Factual findings by the commission that are supported by credible evidence are conclusive and binding upon this Court on appeal.  The existence of contrary evidence in the record is of no consequence if credible evidence supports the commission's findings.

Barnes at 109, 428 S.E.2d at 301-02 (citations omitted).

---

[2]Code § 65.2-812 places employer's insurance company in employer's position when that company becomes liable to pay compensation benefits to the claimant.

Applying those principles to the case before us, <u>Barnes</u> and <u>Green</u> may be distinguished.

We agree with the commission that the facts in <u>Blankenship</u> more nearly control this case.  In <u>Blankenship</u>, as in the case before us, the aggravation of claimant's condition was short-lived and insufficient to justify a finding that the third-party settlement prejudiced employer's subrogation rights.  Moreover, the commission accepted claimant's third-party attorney's testimony that, in the third-party action, he could not prove the TMJ aggravation allegations asserted in the pleadings and, therefore, was forced to accept the $8,000 settlement offer.

Whether claimant's failure to obtain medical treatment aggravated his condition and delayed his recovery to the prejudice of employer is a question of fact decided by the commission adversely to employer.  The record supports its findings.

Accordingly, the decision of the commission is affirmed.

<u>Affirmed.</u>