COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


DAVID ALLEN ARTRIP
                                        MEMORANDUM OPINION*
v.   Record No. 1370-96-3                  PER CURIAM
                                        DECEMBER 10, 1996
KERNS BAKERIES, INC.
AND
THE HOME INDEMNITY COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                 (Gerald F. Sharp; Browning, Lamie & Sharp, on
                 brief), for appellant.

                 (L. Johnson Sarber, III; Johnson, Ayers &
                 Matthews, on brief), for appellees.


     David Allen Artrip ("claimant") contends that the Workers'

Compensation Commission erred in finding that (1) his September

18, 1992 automobile accident caused a significant exacerbation of

his compensable July 13, 1992 back injury; and (2) his settlement

of the third-party action related to the automobile accident

without the knowledge of Kerns Bakeries, Inc. ("employer")

adversely affected employer's subrogation rights, thereby barring

claimant from receiving further compensation benefits.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

----

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

So viewed, the evidence established that on July 13, 1992, claimant sustained a compensable back injury as the result of a fall at work. On August 19, 1992, Dr. Timothy G. McGarry, an orthopedist, diagnosed claimant as suffering from lumbosacral pain. A CT myelogram ordered by Dr. McGarry showed evidence of a right-sided L5-S1 disc herniation. On August 28, 1992, after discussing treatment options with Dr. McGarry, claimant chose to continue with conservative treatment rather than undergo surgery.

On September 18, 1992, claimant was involved in a non-work-related automobile accident. On September 25, 1992, Dr. McGarry examined claimant and noted that claimant "was doing better, but was then involved in a motor vehicle accident last Friday when he had acute exacerbation of his pain again." On September 25, 1992, claimant began complaining of left leg pain and cramping in both legs. He had not exhibited these symptoms prior to the automobile accident. In a letter dated September 25, 1992 from Dr. McGarry to Dr. Galen Smith, Dr. McGarry wrote that claimant had suffered from increased back pain since the

automobile accident.  On October 16, 1992, Dr. McGarry again noted that claimant "now has problems on his left side.  He reports pain in his left side with radiating pain down to his knee."

On December 3, 1992, Dr. Neal A. Jewell, an orthopedic surgeon, examined claimant and diagnosed a moderately large central-to-right L5-S1 herniated disc.  Claimant's condition continued to worsen and, on June 7, 1993, Dr. Jewell performed surgery on claimant's back.  On December 15, 1995, in response to questions posed by claimant's counsel, Dr. McGarry opined that the automobile accident had not adversely effected claimant's physical condition nor impeded his natural recovery from the work-related injury.

The commission ruled that the August 18, 1992 automobile accident caused a significant exacerbation of claimant's compensable back injury.  In so ruling, the commission relied primarily upon the findings of Drs. McGarry and Jewell.  The notations made by these physicians contemporaneous with their examinations provide credible evidence to support the commission's finding.  Moreover, the commission, in its role as fact finder, was entitled to give more weight to Dr. McGarry's earlier notes than to his December 1995 response to claimant's counsel's question.  "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."  Hungerford Mechanical Corp. v. Hobson, 11 Va. App.

3

675, 677, 401 S.E.2d 213, 215 (1991). Because credible evidence supports the commission's finding that the August 18, 1992 automobile accident caused a significant exacerbation of claimant's compensable July 13, 1992 back injury, it is binding upon this Court.

II.

Code § 65.2-309(A) provides that "[a] claim against an employer . . . shall operate as an assignment to the employer of any right to recover damages which the injured employee . . . may have against any other party . . . , and such employer shall be subrogated to any such right . . . ." In applying this statute, we held that "the employee may not pursue his common law remedy in such a manner or settle his claim to the prejudice of the employer's subrogation right and thereafter continue to receive workers' compensation benefits." Wood v. Caudle-Hyatt, Inc., 18 Va. App. 391, 397, 444 S.E.2d 3, 7 (1994). Furthermore, we stated:

> An employee necessarily prejudices his employer's subrogation rights and, thus, is barred from obtaining or continuing to receive benefits under a Workers' Compensation Award when an employee settles a third-party tort claim without notice, or without making a claim for workers' compensation benefits, or without obtaining the consent of the employer.

Id. (citing Stone v. George W. Helme Co., 184 Va. 1051, 1060, 37 S.E.2d 70, 75 (1946)). This rule applies whether the third party tort feasor causes the original compensable injury or a later

4

aggravation of that injury.  <u>Barnes v. Wise Fashions</u>, 16 Va. App. 108, 111, 428 S.E.2d 301, 302 (1993).[1]

Claimant admitted that, after receiving compensation payments for nine and one-half weeks out of a possible 500 weeks, he settled the third-party claim related to the injuries he sustained in the automobile accident without employer's knowledge and consent.  This evidence supports the commission's finding that claimant's actions clearly prejudiced employer.  Accordingly, the commission did not err in terminating claimant's benefits under the Act.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>

---

[1] In <u>City of Newport News v. Blankenship</u>, 10 Va. App. 704, 707, 396 S.E.2d 145, 146-47 (1990), we held that compensation benefits would not be terminated where the exacerbation of the compensable injury was so minor that the settlement of a third-party claim related to the exacerbation did not prejudice the employer.  Because we find that credible evidence supports the commission's finding that the August 18, 1992 automobile accident caused a significant exacerbation of claimant's compensable back injury, the rule enunciated in <u>Blankenship</u> does not apply to this case.