COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Fitzpatrick and Annunziata
Argued at Salem, Virginia

JAMES GRANT WHITLOCK
                                        OPINION BY
v.        Record No. 3072-96-3    JUDGE JOHANNA L. FITZPATRICK
                                     SEPTEMBER 2, 1997
WHITLOCK MECHANICAL/CHECK SERVICES, INC.
 and PENNSYLVANIA MANUFACTURERS'
 ASSOCIATION INSURANCE COMPANY

       FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Rhonda L. Overstreet (Gary L. Lumsden;
          Lumsden & Overstreet, on brief), for
          appellant.

          Paul C. Kuhnel (Wooten & Hart, P.C., on
          brief), for appellees.


     The issue in this appeal is whether James G. Whitlock

(claimant) was, at the time of his injury, a sole proprietor who

qualified as an "employee" and thus was entitled to workers'

compensation benefits under Code § 65.2-101(1)(n).  Claimant

argues that the Workers' Compensation Commission erred in finding

that he was an independent contractor who failed to properly

elect coverage pursuant to Code §§ 65.2-305 and 65.2-101(1)(n)

and that he was not entitled to benefits as a sole proprietor

under these code sections.  For the reasons that follow, we find

no error and affirm the judgment of the commission.[1]

_____

     [1]Employer also contends that the deputy commissioner erred
by failing to take judicial notice of certain insurance
provisions.  However, we do not address this issue, as we affirm
on other grounds.

# I. BACKGROUND

On October 17, 1994, claimant fell and broke his leg and ankle during the course of his employment. At the time of his injury, claimant was a sole proprietor, trading as "Whitlock Mechanical," who engaged in the business of providing heating and air conditioning services. Claimant had procured the job from a custom builder. The job involved installing an air conditioner in the ceiling of a new home.

During that period, claimant had a business relationship with an entity called Check Services, Inc.[2] (Check). For a small fee, Check performed various tasks for claimant. Check withheld claimant's state and federal taxes, performed payroll services, and occasionally referred claimant jobs in his field. The nature of Check's business was unrelated to the heating and air conditioning trade; rather, it was a "leasing" company that was "essentially a bookkeeping service."

Pennsylvania Manufacturers' Association Insurance Company (PMA) provided workers' compensation coverage for Check. Following his injury, claimant applied for workers' compensation medical benefits through PMA. By letter dated August 2, 1995, PMA denied claimant's workers' compensation claim, stating that claimant was "not technically an employee of [the] insured, Check Services."

---

[2]Check Services, Inc. went out of business in December 1994.

A hearing regarding claimant's coverage by PMA was held on May 9, 1996 before a deputy commissioner. Claimant described the relationship between his company and Check in the following terms: "Hunt Financial and Check Services, I work for them. And the[] way I did that is she took out my Workmen's Comp. [premiums] and she took out my federal and state income tax." Claimant explained that a representative from Check told him that Check Services was a "leasing company."

Claimant further testified that Whitlock Mechanical was a sole proprietorship, and that he, trading as Whitlock Mechanical, had no other employees. He indicated that at the time he was injured, he "just worked for [him]self" and was in "control at the jobsite." Finally, he admitted that he did not fill out or sign any document that he understood to be an application for workers' compensation insurance and that he did not make a specific election for coverage under Code §§ 65.2-305 and 65.2-101(1)(n).

Mike Stafford, an account claims executive with PMA, also testified at the hearing. He reviewed the PMA insurance policy and stated that "the coverage for Check Services, Inc. would be to all officers or employees of Check Services." He further testified that the policy covered only the "named insured" and that claimant was not covered under this policy because "he was not an employee of Check Services but that he was a sole proprietor and that he had control over his work product, and for

3

that reason was not [an] employee."

By opinion dated May 10, 1996, the deputy commissioner found that claimant was "covered under Check Services' policy" and that "the claimant contracted with Check Services, Inc. for very specific reasons, reasons which included workers' compensation coverage." In reaching this decision, the deputy commissioner specifically referred to the certificate of insurance produced by claimant "which indicated that 'WHITLOCK MECHANICAL' had 'WORKERS' COMPENSATION' coverage under Check Services' policy at the time of the accident."

However, upon review, the full commission determined that claimant was an independent contractor, not an employee of Check, and reversed the deputy commissioner's decision. Additionally, the commission found that claimant operated Whitlock Mechanical as a sole proprietor and as such did not come within the purview of the Workers' Compensation Act.

Although the commission confirmed that Check occasionally obtained contracts for air conditioning services for Whitlock Mechanical to perform, provided bookkeeping services for claimant, collected money for work performed by claimant, deposited state and federal taxes on behalf of claimant, and issued checks to claimant, the commission found that Check exercised no control over claimant or his work. The commission concluded as follows:

> PMA covered only the employees of the independent contractor, Whitlock Mechanical, and [] this was the purpose of the

4

certificate.  The claimant himself, as an independent contractor, could not be a statutory employee of another contractor, nor of Check Services, Inc.  Only Whitlock Mechanical's employees, had there been any, would qualify as statutory employees (§ 65.2–302, Code of Virginia).[3]

We find no contract of employment between Check Services, Inc. and the claimant . . . .  We find insufficient evidence that

---

[3]Code § 65.2–302 provides, in pertinent part, as follows:

A.  When any person . . . undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person . . . for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any worker employed in the work any compensation under this title he would have been liable to pay if the worker had been immediately employed by him.

B.  When any person . . . contracts to perform or execute any work for another person which work or undertaking is not a part of the trade, business or occupation of such other person and contracts with any other person . . . for the execution or performance by or under the subcontractor of the whole or any part of the work undertaken by such contractor, then the contractor shall be liable to pay to any worker employed in the work any compensation under this title which he would have been liable to pay if that worker had been immediately employed by him.

C.  When the subcontractor in turn contracts with still another person . . . for the performance or execution by or under such last subcontractor of the whole or any party of the work undertaken by the first subcontractor, then the liability of the owner or contractor shall be the same as the liability imposed by subsections A and B of this section.

> the claimant himself has elected to be
> covered under the PMA policy . . . . Such an
> election is provided by [Code § 65.2-305],
> but it is clear that this [s]ection
> contemplates the employer itself directly
> applying with an insurance carrier for such
> insurance and being specifically a named
> insured [Code § 65.2-101(1)(n)].  In this
> case, the claimant attempts to establish
> coverage through the policy issued to another
> insured.  His effort fails for the reasons
> set forth above.

(Emphasis added).


## II.   INDEPENDENT CONTRACTOR v. EMPLOYEE

It is undisputed that at the time of his injury, claimant was a sole proprietor.  However, on appeal, claimant argues that the commission erred in finding that he was an independent contractor rather than an employee of Check.

> A sole proprietor . . . is not
> necessarily an independent contractor.  A
> sole proprietor may have employees who are
> subject to the act.  A sole proprietor may
> also elect to be an employee covered by the
> act.  Whether a sole proprietor who does not
> so elect is an employee or an independent
> contractor depends upon the nature of the
> relationship, particularly whether the person
> who hires him or her retains the right to
> control the work to be performed.  Whether
> such a person is an employee under the act is
> usually a question of fact.

Metropolitan Cleaning Corp., Inc. v. Crawley, 14 Va. App. 261, 265, 416 S.E.2d 35, 38 (1992) (emphasis added) (citations omitted).  "'What constitutes an employee is a question of law; but, whether the facts bring a person within the law's designation, is usually a question of fact.'  The worker's status 'must be determined from the facts of the particular case in the

6

light of well settled principles.'"  Intermodal Servs., Inc. v. Smith, 234 Va. 596, 600, 364 S.E.2d 221, 224 (1988) (quoting Baker v. Nussman, 152 Va. 293, 302, 147 S.E. 246, 249 (1929), and Brown v. Fox, 189 Va. 509, 516, 54 S.E.2d 109, 113 (1949)).

"'On appellate review, we must construe the evidence in the light most favorable to the party prevailing below.  Factual findings by the commission that are supported by credible evidence are conclusive and binding upon this Court on appeal.'" White Elec. Co., Inc. v. Bak, 22 Va. App. 17, 23, 467 S.E.2d 827, 830 (1996) (quoting Barnes v. Wise Fashions, 16 Va. App. 108, 109, 428 S.E.2d 301, 301-02 (1993)); see also Celanese Fibers Co. v. Johnson, 229 Va. 117, 120, 326 S.E.2d 687, 690 (1990).

> Generally, "a person is an employee if he works for wages or a salary and the person who hires him reserves the power to fire him and the power to exercise control over the work to be performed."  The right of control is the determining factor in ascertaining the parties' status in an analysis of an employment relationship.  And the right of control includes not only the power to specify the result to be attained, but the power to control "the means and methods by which the result is to be accomplished."  An employer-employee relationship exists if the party for whom the work is to be done has the power to direct the means and methods by which the other does the work.  "[I]f the latter is free to adopt such means and methods as he chooses to accomplish the result, he is not an employee but an independent contractor."

Intermodal Servs., 234 Va. at 601, 364 S.E.2d at 224 (citations omitted).

7

In the instant case, the record clearly established that Check exercised no control over claimant or his work. Check primarily provided unrelated administrative services for claimant. Check had no contract of employment with claimant. Check did not pay claimant a salary or wages nor did it have the power to fire him. Claimant maintained exclusive control over his work. Accordingly, we find that credible evidence supports the commission's determination that claimant was not an employee of Check but was an independent contractor.

### III. COVERAGE UNDER THE ACT

Additionally, claimant contends that he meets the statutory definition of "employee" as set forth in Code § 65.2-101(1)(n) and that he elected workers' compensation coverage by entering into an employment contract with Check and by paying premiums to Check. Claimant also argues that the commission misinterpreted Code § 65.2-305.[4] As support for his contention, claimant points to Check's policy and the Certificate of Insurance issued by PMA identifying Whitlock Mechanical as a covered contractor.

It is uncontroverted that claimant was a sole proprietor at the time of his injury. A sole proprietor may obtain coverage as an "employee" as defined in Code § 65.2-101(1)(n) as follows:

> Any sole proprietor or all partners of a

---

[4]Claimant argues that under Code § 65.2-305 he was not responsible for notifying PMA of his election for coverage and that he was not responsible for "directly apply[ing] to the insurance company for coverage." However, claimant cites no authority for this proposition. We find no basis to support claimant's interpretation of Code § 65.2-305.

8

business _electing_ to be included as an employee under the workers' compensation coverage of such business _if_ the insurer is notified of this election. Any sole proprietor or the partners shall, _upon such election_, be entitled to employee benefits and be subject to employee responsibilities prescribed in this title.

When any partner or proprietor is entitled to receive coverage under this title, such person shall be subject to all provisions of this title as if he were an employee; however, the notices required under §§ 65.2-405 and 65.2-600 of this title shall be given to the insurance carrier, and the panel of physicians required under § 65.2-603 shall be selected by the insurance carrier.

(Emphasis added). Additionally, the provisions of Code § 65.2-305(A) provide:

Those employers not subject to this title may, by complying with the provisions of this title and the applicable rules of the Commission, _voluntarily elect to be bound_ by it as to accidents or occupational diseases or both.

(Emphasis added). Thus, the crux of the issue is whether claimant's actions constituted an "election" under the Act and whether the insurer was sufficiently "notified" of his election.

It is undisputed that Check was the insured of PMA. As stated above, claimant was not an employee of Check and thus was not covered under the insurance policy in that capacity. Moreover, no evidence in the record proved that claimant specifically elected to be covered under the policy as a sole proprietor, and no evidence proved that he gave express notice to the insurer of his intention to be personally covered. While

9

claimant testified he paid Check to retain workers' compensation coverage, he also testified that he never filled out or signed any document or form that he understood to be an application for workers' compensation insurance. Claimant gave no written notice to PMA or to Check that he elected to be covered under workers' compensation. Claimant admitted that he dealt only with Check personnel up until the time of his injury, and nothing in the record indicates that claimant communicated with any agent of PMA or any other insurance underwriter for the purpose of electing coverage as a sole proprietor.

Moreover, the commission stated that "PMA covered only the employees of the independent contractor, Whitlock Mechanical, and that this was the purpose of the [insurance] certificate." The commission found no contract of employment between Check and claimant; rather, the commission determined that claimant was a customer of Check and that Check provided bookkeeping services for claimant and referred work to him occasionally. The commission further established that Check was not in the building or construction trade, or any business that required services of a heating and air conditioning mechanic. The commission specifically decided as follows:

> [There is] insufficient evidence that the claimant himself has elected to be covered under the PMA policy . . . . Such an election is provided by statute [Code § 65.2-305], but it is clear that this [s]ection contemplates the employer itself directly applying with an insurance carrier for such insurance and being specifically a named insured [Code

10

§ 65.2-101(1)(n)]. In this case, the
claimant attempts to establish coverage
through the policy issued to another insured.
His effort fails . . . .

Giving deference to the matters coming within the cognizance, expertise, and knowledge of the Workers' Compensation Commission, <u>Metropolitan Cleaning Corp., Inc.</u>, 14 Va. App. at 265, 416 S.E.2d at 38, and construing the evidence in the light most favorable to the employer, who prevailed below, <u>White Elec. Co.</u>, 22 Va. App. at 23, 467 S.E.2d at 830, we find that claimant made no election for coverage as a sole proprietor and provided no notice of any such election to the insurer. Thus, we hold that claimant was ineligible to receive benefits as an "employee" pursuant to Code § 65.2-101(1)(n).

For the foregoing reasons, we affirm the decision of the commission.

<u>Affirmed.</u>

11