COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Annunziata and
     Bumgardner
Argued at Alexandria, Virginia


THE WASHINGTON POST

                               MEMORANDUM OPINION* BY
v.    Record No. 1653-97-4     JUDGE ROSEMARIE ANNUNZIATA
                                  FEBRUARY 17, 1998
RICHARD E. BUSH


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Glenn S. Phelps (Joshua M. Wulf; Midkiff &
          Hiner, P.C., on brief), for appellant.

          James F. Green (Ashcraft & Gerel, on brief),
          for appellee.


     The appellant, The Washington Post, claims on appeal that

the Workers' Compensation Commission erred in finding that

claimant, Richard E. Bush, was entitled to compensation under the

Act on the ground that he suffered an injury by accident.

Appellant specifically claims the commission erred in reversing

the credibility determination of the deputy commissioner, who had

denied claimant benefits.  Finding no error, we affirm.

     The facts reported here are set forth in the light most

favorable to the claimant, the party who prevailed below.  White

Elec. Co. v. Bak, 22 Va. App. 17, 19, 467 S.E.2d 827, 828 (1996)

(citing Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App.

503, 504, 339 S.E.2d 916, 916 (1986)).  Claimant worked for

appellant as a mail room helper; his duties involved driving a

_____
          *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

forklift to lift and move skids of products to and from a machine known as a collator.  On April 3, 1996, claimant sustained an injury at his place of employment, after performing these duties all morning prior to the alleged incident.  The issue in contention is whether, as employer contends, claimant failed to prove an identifiable incident or sudden precipitating event.

Employer points to the following testimony in support of its contention.  On April 8, 1996, claimant saw Dr. Robert P. Nirschl, an orthopedic surgeon, whose notes contain no reference to any incident on April 3, 1996.  Similarly, claimant complained neither to the health center supervisor at the Washington Post's Springfield plant on April 9, 1996, nor to the claims representative for the Post, with whom claimant met on May 1, 1996.

Bush testified, however, that as he threw an empty skid, weighing approximately 35 to 45 pounds, onto another pile of skids and then climbed back onto the forklift, he felt a "sharp pain" in his left shoulder around 11:00 a.m. or 11:30 a.m. Claimant continued to work at his remaining duties that day, and approximately a week later sought treatment with Dr. Nirschl who found "a bit of weakness and tenderness over the cuff [of the left shoulder] anteriorly."  A subsequent arthrogram disclosed a small tear in the left rotator cuff area.  Claimant had earlier surgery on his left shoulder in November of 1994 and had not complained of shoulder pain since the surgery.  On July 22, 1996,

2

Dr. Nirschl gave claimant a 15% impairment rating on his left shoulder and stated, "In my view, the October 1994 episode is a background problem and there is probably some aggravation on 4/3/96."

In her opinion of October 25, 1996, the deputy commissioner found that Bush's evidence failed to establish an identifiable incident on the date of the claimed injury, stating that claimant's testimony about the onset of symptoms was inconsistent with a statement in his deposition and his recorded statement.
The commission reversed, finding:

> The absence of a history in the initial medical reports establishes nothing. The history recorded by the employer of "lifting skids and products," and the claimant's statement that he was removing the skids from the front of the forklift and tossing or pitching them to a nearby stack are not necessarily inconsistent. The record is clear that the pain onset occurred while the skids were being moved, or immediately thereafter.

Employer argues the commission improperly reversed the deputy commissioner's credibility finding. The commission's findings of fact are binding on appeal if supported by credible evidence. Roanoke Belt, Inc. v. Mroczkowski, 20 Va. App. 60, 67, 455 S.E.2d 267, 270 (1995) (citing, inter alia, Code § 65.2-706). Even assuming the deputy commissioner's decision is premised on a credibility determination, the record fails to establish that the commission's rejection of the credibility findings by the deputy commissioner was arbitrary. Turcios v. Holiday Inn Fair

3

Oaks, 24 Va. App. 509, 516, 483 S.E.2d 502, 505 (1997).

Contrary to employer's argument, claimant's testimony is not internally inconsistent when viewed in context. Each of claimant's statements regarding the accident relates that, in the course of moving skids with a forklift, claimant was required to dismount from the forklift to move an empty skid. Claimant picked up the empty skid, threw it on a pile of other skids, and noticed a sharp pain in his left arm. The only inconsistency is whether claimant first noticed the pain before, or after, he remounted the forklift. The commission could properly conclude that this minor inconsistency did not destroy claimant's credibility.

Our review of the record also shows there is evidence to support the commission's conclusion that the claimant's testimony established an identifiable incident which caused his injury. Claimant testified that his injury occurred as he lifted an empty skid and threw it onto a pile of other skids. In short, the commission's view of the evidence is fully supported by the record. For these reasons, we affirm.

Affirmed.