COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Petty and Senior Judge Willis
Argued at Chesapeake, Virginia


NORTH END CAB COMPANY, INC.
                                                    MEMORANDUM OPINION* BY
v.       Record No. 2015-06-1                       JUDGE WILLIAM G. PETTY
                                                         MARCH 20, 2007
VIRGINIA WORKERS' COMPENSATION COMMISSION


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            David Redden for appellant.

            Amy K. Dilworth, Assistant Attorney General (Robert F.
            McDonnell, Attorney General; Francis S. Ferguson, Deputy Attorney
            General; Teresa C. Griggs, Senior Assistant Attorney General, on
            brief), for appellee.


      North End Cab Company, Inc. appeals the commission's imposition of a civil penalty for

its failure to maintain workers' compensation insurance coverage.  Since we find no error, we

affirm the commission's judgment.

                              I.  BACKGROUND

      On June 4, 2004, the commission received notice that American Zurich Insurance

Company cancelled appellant's workers' compensation insurance policy effective June 17, 2004,

for failure to pay the premium.  The record reveals that the commission afforded appellant

several opportunities to obtain insurance coverage and submit proof of coverage to the

commission during the following year.

_____

      * Pursuant to Code § 17.1-413, this opinion is not designated for publication.  As the
parties are fully conversant with the record in this case, and because this memorandum opinion
carries no precedential value, this opinion recites only those facts and incidents of the
proceedings as are necessary to the parties' understanding of the disposition of this appeal.

The commission directed appellant to appear on September 13, 2005, to show cause why it should not be assessed civil penalties for its failure to comply with the insurance requirement. At the hearing, appellant's president, Hassan Ali, testified that the appellant had four to six regular employees, but due to the unresolved issue with its insurance carrier, could not obtain insurance coverage from that company or any other.

The deputy commissioner left the record open for six months following the hearing for appellant to rectify the situation with its insurance carrier and provide proof of insurance. The record closed March 13, 2006, and the deputy commissioner assessed a penalty of $1,000 for failure to comply with the workers' compensation insurance requirement.

The appellant sought review of the assessment from the full commission, arguing that it had made "sincere efforts" to comply with the insurance requirement, and had sought relief from the Bureau of Insurance and, on the Bureau's recommendation, had filed for a declaratory judgment in an attempt to resolve its ongoing dispute with its insurance carrier. The full commission, however, determined that appellant had the requisite number of employees to trigger the workers' compensation insurance requirement regardless of the outcome of its dispute with its insurance carrier. The commission affirmed the deputy commissioner's imposition of the fine. This appeal followed.

II. ANALYSIS

We are bound by the commission's findings of fact if those findings are supported by credible evidence. Lynch v. Lee, 19 Va. App. 230, 234, 450 S.E.2d 391, 393 (1994). On appeal, we construe the evidence in the light most favorable to the party prevailing below. Whitlock v. Whitlock Mechanical/Check Services, Inc., 25 Va. App. 470, 479, 489 S.E.2d 687, 692 (1997). Because statutory interpretation presents a pure question of law, it is subject to *de novo* review by this Court. Ainslie v. Inman, 265 Va. 347, 352, 577 S.E.2d 246, 248 (2003).

The provisions of the Workers' Compensation Act (the Act) apply to "[e]very employer and employee," who are "conclusively presumed to have accepted the provisions of [the Act]." Code § 65.2-300(A). Code § 65.2-800 requires every employer subject to the Act to have workers' compensation insurance, and Code § 65.2-804(A) instructs employers to provide proof of that insurance to the commission "annually or as often as may be necessary." Finally, Code § 65.2-805 states that employers who fail to comply with Code §§ 65.2-800 or 65.2-804 "*shall* be assessed" a civil penalty of not less than $500 nor more than $5,000. (Emphasis added).

The purpose of the Act is to protect employees. Ellis v. Commonwealth, 182 Va. 293, 303, 28 S.E.2d 730, 734 (1944). Thus, it is to be "construed liberally and favorably as to" employees. Id. Moreover, in construing the Act we must "'ascertain and give effect to the intention of the legislature'" which is "usually self-evident from the words used in the statute. Consequently, courts apply the plain language of a statute unless the terms are ambiguous, or applying the plain language would lead to an absurd result." Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 925-26 (2006) (quoting Chase v. Daimler Chrysler Corp., 266 Va. 544, 547, 587 S.E.2d 521, 522 (2003)) (citations omitted).

Here, the plain language of the statute is not ambiguous, and its application will not lead to an absurd result. The commission has been instructed by the General Assembly to impose a civil penalty on employers who do not comply with the insurance provisions: a requirement that protects employees by enabling them to collect any workers' compensation claims due them by their employers. Appellant is an employer subject to the Act since it employs four to six regular employees—a factual finding supported by the company president's testimony. It is, therefore, required by law to maintain workers' compensation insurance coverage. Neither the case law nor the Act includes an exception for this requirement based upon a dispute with an insurer.

We hold that the statute is plain on its face:  the commission was required to impose a civil penalty for the appellant's noncompliance with the Act.  Accordingly, we will not disturb the commission's decision on appeal.

III. CONCLUSION

For the foregoing reasons, we affirm the commission's judgment.

<u>Affirmed.</u>