## Richmond

JAMES E. STOCKS

v.

FAUQUIER COUNTY SCHOOL BOARD, ET AL.

December 4, 1981.

Record No. 801443.

Present: All the Justices.

*Barry A. Stiefel (Ashcraft & Gerel,* on brief), for appellant.
*Susan Evans Greenlief (John J. O'Donnell; Siciliano, Ellis, Sheridan & Dyer,* on brief), for appellees.

PER CURIAM.

This appeal poses the question whether the Industrial Commission erred in upholding an employer's termination of workmen's compensation benefits upon the ground it was unable to locate the beneficiary of an agreed award.

James E. Stocks, who sustained a compensable injury during his employment with Fauquier County School Board, entered into a memorandum agreement with his employer and the insurance carrier, New Hampshire Insurance Company, and the Commission entered an award approving the agreement on February 22, 1979. On May 5, 1980, the employer filed a notice of application for hearing, seeking suspension of benefits on account of a change in condition. The employer alleged that it had terminated benefits effective March 24, 1979, on the ground it was "[u]nable to locate employee". By amendment to its application, the employer assigned as an additional ground that Stocks had failed to report for a medical examination on February 26, 1979.

Although notices had been mailed to Stocks, he failed to appear at the hearing held May 23, 1980, and his counsel moved for a continuance. The hearing commissioner denied the motion, conducted the hearing, and issued an opinion. Finding that "[t]here was no evidence offered by the employer to support its initial allegation that it had been unable to locate the claimant", the commissioner denied the application on that ground but ruled that, since the evidence showed that the claimant had failed to report for a medical examination, "compensation will be suspended effective March 24, 1979, the date for which compensation was last paid."

By letter dated July 29, 1980, Stock's counsel advised the Commission that his client was still suffering from his injury and had been compelled to accept a job with another employer at a wage less than his pre-injury wage. Claimant's counsel requested that "this matter be remanded to the hearing docket" or, in the alternative, that "the carrier be held to a strict adherence of Rule 13", and that the letter be treated as an application for hearing on change in condition.

In its opinion, the full Commission agreed that compensation payments were properly suspended effective March 24, 1979, but not on the ground assigned by the hearing commissioner. Reviewing the record before it, the Commission found that "the employer did not put on any evidence as to not being able to locate the employee but counsel for the employee admitted that the employee had been advised of the hearing several times and that none of the letters had been returned." Noting further that "[t]he Hearing Notice . . . has not been returned to the Commission," the Commission based its holding "on the grounds that the employee is under an obligation to keep the employer or carrier and the Industrial Commission advised as to his whereabouts, and when applications are filed on this basis the Commission does not require the employer to make payments to a party that cannot be located and does not respond to any correspondence."

Challenging the award on appeal, Stocks first argues that nothing in the Workmen's Compensation Act or the rules promulgated pursuant thereto authorizes the employer, the carrier, or the Commission to terminate an employer's adjudicated obligation to pay benefits on such grounds. The defendants contend that an employer has a statutory right to require a claimant to submit to a medical examination in order to determine whether the claimant's

physical condition has changed; that an employer cannot exercise that right and cannot pay benefits or provide medical treatment mandated by an award if it cannot locate the claimant; that, as part of a claimant's obligation to cooperate in the administration of the statutory scheme, the claimant has a duty to keep the employer advised of his whereabouts; that a claimant who violates that duty forfeits his right to compensation; and that, in such case, the employer has the right to terminate payments and the Commission has the authority to approve termination.

We do not reach this question. Nor do we decide whether the rule the defendants urge is within the rule-making authority delegated to the Commission under Code § 65.1-18. Assuming for purposes of this opinion that it is and that the Commission, by announcing and applying the rule in this case, properly exercised its rule-making authority, we must consider whether the factual finding underlying application of the rule is supported by the evidence. As the claimant points out and as the full Commission acknowledged, the hearing commissioner found that the employer had offered no evidence to support its allegation that it had been unable to locate Stocks. Notwithstanding this finding, the full Commission based its holding upon its finding that counsel's letters notifying Stocks of the hearing and the Commission's hearing notice had not been returned at the time of the hearing. But the hearing was conducted on May 23, 1980, and these facts are not evidence that the employer was unable to locate Stocks on March 24, 1979.

> Upon appeal, the Commisson's findings of fact, based on credible evidence, are conclusive and binding upon us. Code § 65.1-98. If, however, there is no credible evidence to support the Commission's findings of fact, its findings are not binding on us and the question of the sufficiency of the evidence becomes one of law.

*Goodyear* v. *Watson,* 219 Va. 830, 833, 252 S.E.2d 310, 312 (1979).

We hold that the Commission's decision is without evidence to support the factual finding upon which it rests, and the award will be reversed. Rule 13 promulgated by the Commission provides that "[i]f the employee has refused medical . . . examination . . . compensation may be suspended as of the date of such refusal or

fourteen days prior to the filing of the application, whichever is later." Stocks concedes that he refused a medical examination. Accordingly, the case will be remanded to the Commission with instructions to enter an award in accordance with Rule 13 and the views expressed in this opinion.

*Reversed and remanded.*