## Richmond

BETTY J. CHANDLER

V.

SCHMIDT BAKING COMPANY, INC., ET AL.

Record No. 831707.

October 12, 1984.

Present: Carrico, C.J., Poff, Compton, Stephenson, Russell, and Thomas, JJ.

*Peter D. Menk (Lotz, Black & Menk,* on brief), for appellant.
*Stephen D. Busch (McGuire, Woods & Battle,* on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

In this case, the Industrial Commission found that the claimant, Betty J. Chandler, failed to establish a causal connection between her disability and her industrial accident. The sole issue on ap-

peal, therefore, is whether the Commission's finding of fact is supported by credible evidence.

Chandler was employed by Schmidt Baking Company, Inc. She was responsible for monitoring bread on a conveyor belt so that it was in a proper position to be sliced by a machine.

On January 26, 1983, Chandler was injured when a crank fell from the slicing machine and struck her just above the right ankle. The crank, which weighed one and one-half pounds, fell from a height of approximately four feet. The blow to Chandler's leg caused bleeding, and she reported the accident immediately.

Chandler continued to work following the accident and first sought medical treatment on February 3, 1983, when she was examined by Dr. D. R. Fowler. At that time, Chandler also was being treated by Dr. Fowler for a back problem and had been hospitalized for this problem shortly before her accident. Dr. Fowler again admitted Chandler to a hospital on February 9, 1983. She was discharged from the hospital on February 19, 1983, and returned to work on March 23, 1983.

When Chandler was admitted to the hospital, she complained of tenderness in her lower extremities. The hospital discharge summary also indicated that she reported "some tenderness in these areas at the time of her admission last month for back pain."

Dr. Fowler's diagnosis at the time of claimant's discharge from the hospital was "(1) Myalgia (fibrocytis). (2) Bilateral lower extremities." He also stated that "[a]t the time of discharge the exact etiology of her discomfort was still uncertain." In his report to the Commission, dated March 24, 1983, however, Dr. Fowler diagnosed claimant's condition as "? phlebitis lower extremity" and stated that the diagnosed condition was due to the injury Chandler sustained at work on January 26, 1983.

A deputy commissioner found that Chandler established that her disability was causally related to her industrial accident and awarded compensation. Upon review, the full Commission reversed the award, finding that Chandler's disability was unrelated to her accident.

It is firmly established that a finding by the Commission as to questions of fact, if supported by credible evidence, is conclusive and binding upon us. Code § 65.1-98; *McCaskey* v. *Patrick Henry Hospital,* 225 Va. 413, 415, 304 S.E.2d 1, 2 (1983); *Marval Poultry* v. *Johnson,* 224 Va. 597, 601, 299 S.E.2d 343, 345 (1983); *Sky Chefs, Inc.* v. *Rogers,* 222 Va. 800, 805,

284 S.E.2d 605, 607 (1981); *Fairfax Hospital* v. *DeLaFleur,* 221 Va. 406, 410, 270 S.E.2d 720, 722 (1980). Moreover, this rule also applies to facts found from conflicting expert opinions. *Mc-Caskey,* 225 Va. at 415, 304 S.E.2d at 2; *Eccon Company* v. *Lucas,* 221 Va. 786, 790, 273 S.E.2d 797, 799 (1981). When there is an internal conflict in an expert's opinion, the Commission may consider other evidence in determining whether a claimant has met his burden of proof. *Island Creek Coal* v. *Miller,* 223 Va. 645, 649, 292 S.E.2d 328, 331 (1982).

Chandler contends that there is no conflict in the evidence. She argues that although the hospital discharge summary and the later report by Dr. Fowler may suggest a conflict, the attending physician's final diagnosis, absent other conflicting medical evidence, is controlling. We do not agree.

■ We believe the rule respecting conflicting expert opinions also applies when, as here, a sole expert gives conflicting opinions. Contrary to what Dr. Fowler later said, he previously reported in the hospital discharge summary that he was uncertain as to the cause of her disability. Moreover, neither the hospital admission sheet nor its discharge summary makes any reference to a job-related injury requiring hospital care, and Chandler conceded that she had "some tenderness" in her lower extremities when she was previously admitted to the hospital "for back pain." Furthermore, Chandler's problems were not in the area of her leg where she received the blow. None of Dr. Fowler's reports provides an explanation for this.

■ In the present case, there was a conflict in the evidence, and the Commission, as it had the right to do, resolved that conflict against the claimant. It is not our function, but the Commission's, to weigh conflicting evidence, and when there is credible evidence to support the Commission's findings, we are bound thereby. Because we find credible evidence to support the Commission's finding of fact, its award in favor of the employer will be affirmed.

*Affirmed.*