# Norfolk

## DePAUL MEDICAL CENTER

AND

## RELIANCE INSURANCE COMPANY

v.

## HAMILTON BRICKHOUSE

No. 1133-93-1

Decided June 21, 1994

COUNSEL

Daniel R. Lahne (Knight, Dudley, Dezern & Clarke, P.L.L.C., on brief), for appellants.

Robert E. Walsh (Rutter & Montagna, on brief), for appellee.

OPINION

BAKER, J.—DePaul Medical Center and its insurer, Reliance Insurance Company (jointly referred to herein as employer), appeal from an adverse decision of the Workers' Compensation Commission (commission). In this appeal, we decide whether the commission erred when it denied employer's application to terminate compensation payments by reason of Hamilton Brickhouse's (claimant) refusal to accept selective employment. Finding no error, we affirm the commission's decision.

On appellate review, we must construe the evidence in the light most favorable to claimant, as the party prevailing below. *R.G. Moore Bldg. Corp. v. Mullins*, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings of the commission will not be disturbed on appeal, if based upon credible evidence. *Hercules, Inc. v. Gunther*, 13 Va. App. 357, 361, 412 S.E.2d 185, 187 (1991).

Claimant was employed full-time by Wholesale Parts during the day and was paid $7 per hour for work that did not require physical exertion. He worked part-time at night for employer and was paid $4.25 per hour for janitorial work that was dissimilar to his day job. Employer was aware of claimant's day job.

While working for employer on the night of August 19, 1991, claimant incurred a wrist injury. Employer accepted claimant's claim as compensable and began paying him compensation on August 29, 1991, for total incapacity.[1] Although claimant could not perform his janitorial work he was able to continue working at his day job.

---

[1] Compensation payments were based only on his $4.25 hourly rate for night-time work.

On March 23, 1992, claimant's treating physician released claimant for janitorial work with certain restrictions. Employer offered claimant selective employment that complied with those restrictions; however, the job was a day position and would pay claimant only at his night-time rate of $4.25 per hour. Claimant determined that it would not be economically feasible to quit a $7 per hour full-time job in order to take a temporary, part-time, lower paying job with employer, and he refused the selective employment offer. As a result, employer filed an application alleging that claimant had unjustifiably refused selective employment as of March 26, 1992.

■ Code § 65.2-510 provides:

If an injured employee refuses employment secured for him suitable to his capacity, he shall only be entitled to the benefits provided for in § 65.2-603 during the continuance of such refusal, *unless in the opinion of the Commission such refusal was justified.*

(Emphasis added).

In any legislation as extensive as workers' compensation, it is impossible to anticipate and legislate every potential event intended to be covered. For that reason, phrases such as "unless in the opinion of the Commission such refusal was justified" are provided so that those appointed to implement the compensation laws may make discretionary judgments that carry out the legislative intent. Because credible evidence in the record supports it, we find that the following statement from the commission's opinion is in accord with that intent:

It is neither logical nor just to expect the employee to give up a full-time, higher-paying job to take a part-time, lower-paying job, especially when the same circumstances have existed since prior to commencement of employment in the lower-paying job and prior to the injury. We hold that an equitable balance of employer-employee rights under this fact situation requires that the employer be limited to a specific time frame within which it may offer selective employment. That time frame does not include the period in which the permanent, full-time employment is being pursued by the employee.

Nothing contained in *American Furniture Co. v. Doane*, 230 Va. 39, 334 S.E.2d 548 (1985), relied on by employer, limits the commission's authority, as employer asserts.

For the reasons stated, the decision of the commission is affirmed.

*Affirmed.*

Benton, J., and Bray, J., concurred.