COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia

DONALD EUGENE UMPHLETT

                                        MEMORANDUM OPINION[*] BY
v.          Record No. 1502-95-1        JUDGE RICHARD S. BRAY
                                        FEBRUARY 27, 1996
NORFOLK SHIPBUILDING & DRYDOCK CORPORATION
 and RICHARD-FLAGSHIP SERVICES, INC.

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Robert E. Walsh (Rutter & Montagna, L.L.P.,
              on brief), for appellant.

              William C. Walker (Bradford C. Jacob; Taylor &
              Walker, P.C., on brief), for appellees.


     Donald Eugene Umphlett (claimant) appeals the decision of

the Workers' Compensation Commission (commission) which

"suspended" benefits as a result of claimant's "refusal to

cooperate with vocational rehabilitation" services provided by

his employer, Norfolk Shipbuilding and Drydock Corporation

(employer).  Claimant contends that his conduct was reasonable

and justified and caused no prejudice to employer.  Finding no

error, we affirm the decision.

     The parties are fully conversant with the record, and we

recite only those facts necessary to a disposition of this

appeal.

     On appeal, we construe the evidence in the light most

favorable to the party prevailing below, employer in this

instance.  Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App.

503, 504, 339 S.E.2d 916, 916 (1986).  Findings of fact by the

--------

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

commission, supported by credible evidence, are binding and conclusive on appeal. James v. Capitol Steel Const. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989); see Code § 65.2-706.

Incidental to his application for benefits resulting from an occupational disease, claimant was contacted by Barbara Byers, a "vocational rehabilitation specialist" provided by employer. Byers "evaluated the claimant's academic and intellectual capacities, reviewed his physical limitations, . . . and selected potential employment which was approved by [his] treating physician."[1]  However, as the commission noted, claimant refused "to cooperate with [Byers'] rehabilitation efforts" and instead unsuccessfully sought "retraining" through a vocational rehabilitation program offered by the U.S. Department of Labor.

> Code § 65.2-603(B) provides that [t]he unjustified refusal of the employee to accept . . . vocational rehabilitation services when provided by the employer shall bar the employee from further compensation until such refusal ceases and no compensation shall at any time be paid for the period of suspension unless, in the opinion of the Commission, the circumstances justified the refusal.

(Emphasis added.)  "[P]hrases such as 'unless in the opinion of the Commission such refusal was justified' are provided so that those appointed to implement the compensation laws may make discretionary judgments that carry out the legislative intent." DePaul Medical Center v. Brickhouse, 18 Va. App. 506, 508, 445

---

[1]Byers testified that she was aware of "six employers with employment opportunities within [claimant's] restrictions."

S.E.2d 494, 495 (1994).  Here, the commission found that claimant "unilaterally refused to follow up on the[] prospects [suggested by Byers] and elected to pursue [other] rehabilitation efforts . . . ."  The determination that such conduct was unjustified constituted a factual finding by the commission, supported by credible evidence.  See Chesapeake Masonry Corp. v. Wiggington, 229 Va. 227, 229-30, 327 S.E.2d 121, 122 (1985).

Accordingly, we affirm the decision.

Affirmed.