COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Senior Judge Cole
Argued at Richmond, Virginia


RETREAT HOSPITAL and
 CONTINENTAL INSURANCE COMPANY
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 1465-97-2      JUDGE SAM W. COLEMAN III
                                       FEBRUARY 24, 1998
MARLENE HAMMERSLEY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            John M. Oakey, Jr. (F. Brawner Greer;
            McGuire, Woods, Battle & Boothe, on brief),
            for appellants.

            Timothy J. Healy (Levit and Mann, on brief),
            for appellee.


     Retreat Hospital and its insurer (employer) contend that the

Workers' Compensation Commission erred when it found:  (1) that

Marlene Hammersley's (claimant) continuing disability is causally

related to her compensable January 15, 1996 injury by accident,

and (2) that she adequately marketed her residual work capacity.

 Because credible evidence supports the commission's findings, we

affirm the commission's award.

     On appeal, we view the evidence in the light most favorable

to the party prevailing before the commission.  See R.G. Moore

Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788

(1990).  The commission's factual findings are conclusive and

binding on appeal if supported by credible evidence in the

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

record.  See Lynchburg Foundry Co. v. Goad, 15 Va. App. 710, 712, 427 S.E.2d 215, 217 (1993); Classic Floors, Inc. v. Guy, 9 Va. App. 90, 95, 383 S.E.2d 761, 764 (1989).

Viewed accordingly, the evidence proved that claimant worked as a progressive care nurse for employer for twenty-three years. While doing yard work in September 1994, claimant injured her neck which resulted in neck and shoulder pain.  Dr. Claude Wilson diagnosed claimant with acute cervical disc herniation at C6-7 with severe C7 radiculopathy, for which he performed a cervical discectomy and fusion and placed claimant on a fifty pound lifting restriction.  After the yard work injury, claimant aggravated the cervical disc condition on several occasions from non-work-related exertion.

On January 15, 1996, when lifting a patient, claimant suffered a compensable injury by accident that aggravated her pre-existing neck condition.  Dr. Wilson reported that "[e]very time she lifts much she develops some radiculitis corresponding to a C7 nerve root."  On January 24, 1996, Dr. Wilson advised claimant's supervisor that claimant "was in a situation at work recently where she had to do some lifting and aggravated her radiculitis in her left arm."  He stated that claimant was unable to lift the amount of weight usually required to perform her nursing duties and recommended a ten pound lifting restriction.

Dr. Wilson reexamined claimant on March 20, 1996.  He reviewed the results of a recent MRI, noted no abnormalities in

claimant's cervical discs, and reported that she could "gradually increase her activities" and "start lifting more."

On September 13, 1996, in a letter to counsel, Dr. Wilson opined:

> It is my opinion that the lifting, twisting incident which occurred on January 15 aggravated a preexisting condition of cervical radiculopathy in Ms. Hammersley.  <u>It is my professional opinion that this incident exacerbated the problem such that Ms. Hammersley is unable to continue to perform the duties required as a progressive care nurse.</u>

(Emphasis added).  Subsequently, in his deposition, Dr. Wilson stated that the reason claimant could no longer work as a progressive care nurse was because the job required lifting that would likely cause her to re-aggravate the pre-existing cervical condition.

Claimant immediately returned to work after the January 15 accident, performing a light duty job in which she delegated work to other nurses.  In late January, employer directed her to take a medical leave of absence.  Claimant contacted employer's human resources coordinator and inquired as to other job vacancies with employer.  She was not qualified for some of the vacancies, and others either required lifting weight in excess of her restrictions or were eliminated.  Claimant admitted that she was offered a part-time job in a doctor's office in February 1996, but she declined it because the job did not offer the same benefits as employer, and she desired to continue trying to find

a job at the hospital.  On April 23, 1996, the employer terminated claimant.

CAUSATION

It is well established that the commission's determination of causation is a factual finding that will not be disturbed on appeal if supported by credible evidence. See American Filtrona Co. v. Hanford, 16 Va. App. 159, 165, 428 S.E.2d 511, 515 (1993); Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 229, 230, 409 S.E.2d 824, 826 (1991). "[A] party seeking compensation bears the burden of proving his disability and the periods [or duration] of that disability." Marshall Erdmen and Assoc. v. Loehr, 24 Va. App. 670, 679, 485 S.E.2d 145, 150 (1997). Here, Dr. Wilson's opinion in his September 13 letter to counsel "that Ms. Hammersley is unable to continue to perform the duties required as a progressive care nurse," is credible evidence to support the commission's finding that claimant's continuing disability was causally related to her compensable injury by accident. Although Dr. Wilson's statements at the deposition may arguably conflict with his earlier medical opinion rather than explain the primary cause of claimant's disability, the commission was entitled to determine the weight, meaning, and credibility to give to Dr. Wilson's respective statements. Where the statements can be read in a manner to be compatible, the commission does not err by reconciling the statements and giving meaning to both opinions. Furthermore, "[q]uestions raised by conflicting medical opinions must be decided by the commission. Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d

231, 236 (1989).  "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding," Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991); "the rule respecting conflicting medical opinions also applies when . . . a sole expert gives conflicting opinions."  Chandler v. Schmidt Banking Co., 228 Va. 265, 267, 321 S.E.2d 296, 298 (1984).  See The Greif Cos. v. Hensley, 22 Va. App. 546, 552, 471 S.E.2d 803, 806 (1996) ("The Commission's findings of fact are conclusive and binding on this Court if supported by credible evidence.  This rule applies when an expert's opinion contains internal conflicts.") (citations omitted).  Because the commission's finding that claimant's disability continues to be "exacerbated" by the incident is supported by credible evidence in the record, we uphold that finding on review.  See Classic Floors, 9 Va. App. at 95, 383 S.E.2d at 764.

RESIDUAL CAPACITY

Employer's contention regarding the marketing of residual capacity is that claimant unjustifiably declined selective employment procured by employer at the nearby doctor's office. "If an injured employee refuses employment secured for him suitable to his capacity, he shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Commission such refusal was justified."  DePaul Medical Center v. Brickhouse, 18 Va. App.

506, 508, 445 S.E.2d 494, 495 (1994) (citing Code § 65.2-510) (emphasis in original).  Code § 65.2-510 vests broad discretion in the commission to determine whether under the circumstances an employee is justified in refusing selective employment.  See Brickhouse, 18 Va. App. at 508, 445 S.E.2d at 495.  Here, the commission concluded that claimant's refusal was justified because she "concentrated her efforts toward returning to [the hospital] during her . . . leave of absence and rejected a part-time job with no benefits."  Considering the fact that claimant expected and was attempting to return to work at the hospital, and in light of the relatively brief period of time that she was away from work, credible evidence supports the commission's determination that claimant justifiably refused the selective employment.  Therefore, we uphold the commission's finding.  See id.; Food Lion, Inc. v. Lee, 16 Va. App. 616, 619-20, 431 S.E.2d 342, 344-45 (1993).

For the reasons stated, we affirm the commission's decision.

Affirmed.