COURT OF APPEALS OF VIRGINIA

Present: Judges Annunziata, Bumgardner and Senior Judge Hodges
Argued at Alexandria, Virginia


UNITED TRUCK WASH AND
 CONTINENTAL INSURANCE COMPANY

                                        MEMORANDUM OPINION[*] BY
v.   Record No. 1275-98-4              JUDGE ROSEMARIE ANNUNZIATA
                                           FEBRUARY 9, 1999
KENNETH L. JOHNSON


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Jonathan S. Rochkind for appellants.

        Craig A. Brown (Lawrence J. Pascal;
        Ashcraft & Gerel, on brief), for appellee.


     In this appeal, United Truck Wash ("employer") and

Continental Insurance Company ("insurer") contend the Workers'

Compensation Commission erred in finding that:  (1) Kenneth L.

Johnson ("claimant") was not capable of performing pre-injury

work duties after April 8, 1997; and (2) the claimant had

suffered a wage loss between May 7, 1997 and November 1997.

We disagree and affirm.

     On appeal, we review the evidence in the light most

favorable to the party prevailing below.  R.G. Moore Bldg. Corp.

v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Claimant began working for United Truck Wash as a bay attendant

in September of 1994.  As a bay attendant, claimant washed trucks

eight hours every work-day.  Claimant's duties required him to be

---

        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

on his feet, bending, squatting, and climbing for much of the day.  On February 22, 1995, claimant sustained an injury to both knees and his left forearm when he tripped over a cord and fell.

On May 7, 1997, employer filed an application for hearing, seeking to terminate total disability benefits claimant had received since January 29, 1997.  Based on various medical reports by claimant's physician, Dr. Walter Rabhan, employer and insurer alleged that claimant was able to return to his pre-injury employment on April 8, 1997.

On January 14, 1998, citing claimant's commencement of employment at a restaurant on May 12, 1997 and several of Dr. Rabhan's reports, a deputy commissioner found that claimant had recovered from his compensable injury and had been approved for pre-injury employment without restrictions on April 8, 1997.  Accordingly, the deputy commissioner terminated claimant's benefits effective May 7, 1997.

The full commission reversed, finding that employer and insurer failed to meet their burden of proving by a preponderance of the evidence that claimant was capable of performing his regular duties beginning April 8, 1997 and continuing thereafter.

The commission specifically stated:
> [i]t appears from the medical evidence presented that the claimant did not remain capable of performing his regular duties since April 8, 1997.  At times, Dr. Rabhan instructed the claimant to refrain from putting pressure or kneeling on his knee. This suggests that the recommendation for return to work was not without limitations. Moreover, the claimant was totally

incapacitated as a result of surgery in November 1997.

The commission indefinitely reinstated payment of temporary total disability benefits to claimant as of May 8, 1997. Employer and insurer appeal this decision.

Findings of fact by the commission are conclusive and binding on appeal when supported by credible evidence. Code § 65.2-706; Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991). When reviewing such findings, we will not "retry the facts before the Commission nor do we review the weight, preponderance of the evidence, or the credibility of witnesses." Caskey v. Dan River Mills, Inc., 225 Va. 405, 411, 302 S.E.2d 507, 510 (1983). So long as credible evidence supports the commission's findings, the fact that contrary evidence may be found in the record is of no consequence. Manassas, 13 Va. App. at 229, 409 S.E.2d at 826. If no credible evidence supports the commission's findings of fact, "'its findings are not binding on us and the question of the sufficiency of the evidence becomes one of law.'" Stocks v. Fauquier County School Bd., 222 Va. 695, 698, 284 S.E.2d 588, 589 (1981) (quoting Goodyear v. Watson, 219 Va. 830, 833, 252 S.E.2d 310, 312 (1979)).

"A finding based upon conflicting expert medical opinions is one of fact which cannot be disturbed . . . ." Virginia Dep't of State Police v. Talbert, 1 Va. App. 250, 253, 337 S.E.2d 307, 308 (1985). See Johnson v. Capitol Hotel, 189 Va. 585, 588, 54

S.E.2d 106, 107-08 (1949) (stating that a finding of the commission resting on conflicting medical testimony is a finding of fact).  This rule also applies when "a sole expert gives conflicting opinions."  Chandler v. Schmidt Baking Co., 228 Va. 265, 268, 321 S.E.2d 296, 298 (1984).  "It is not our function, but the Commission's, to weigh conflicting evidence, and when there is credible evidence to support the Commission's findings, we are bound thereby."  Id.

The medical evidence before the commission was in conflict.  The record reveals that Dr. Rabhan examined claimant on seven occasions from April 2, 1997 until claimant underwent a surgical procedure in November of 1997.  During this period of time, Dr. Rabhan recommended or indicated that claimant could carry out "full activities" in three of his post-examination reports.  In five reports, however, Dr. Rabhan noted tenderness in claimant's left knee.  On two occasions Dr. Rabhan indicated that claimant should refrain from putting pressure on his left knee.  On one such occasion, the doctor instructed claimant that he should both "keep pressure off the knee" and "continue full activities."[1]  Further, Dr. Rabhan excused claimant from work from November 20

_____

[1]The full report provides:

> Plan:  I told him to keep pressure off the knee.  He can continue full activities.  I would only explore this area and remove the Mytec if his symptoms don't improve.  They have not really improved in the last year but I want to see if he can't get along with this as is.  Return in two months for recheck.

to December 1, 1997 so that he might recover from his surgery.

In light of the conflicting medical evidence, we treat the commission's determination as to whether claimant was capable of returning to pre-injury duties after April 8, 1997 as a finding of fact. As such, the commission's resolution of the conflicting evidence in favor of claimant must be upheld if supported by credible evidence. Based on Dr. Rabhan's instructions to keep pressure off claimant's left knee and on claimant's total incapacity as a result of surgery in November of 1997, we find credible evidence to support the commission's finding that claimant was not able to fully perform the duties of his pre-injury employment. See Celanese Fibers Co. v. Johnson, 229 Va. 117, 120, 326 S.E.2d 687, 690 (1985).

Employer and insurer also contend that the commission erred in finding that claimant had suffered a wage loss between May 7, 1997 and November 1997. The contention is without merit.

The only issues decided by the full commission in this case were whether claimant "was capable of returning to his pre-injury employment on April 8, 1997" and whether the employer's application for hearing should have been rejected as untimely. Neither employer nor insurer raised an issue as to whether claimant had suffered a wage loss before the full commission and the commission did not address the issue. The issue on appeal is therefore barred. Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 323, 416 S.E.2d 708, 710 (1992).

- 5 -

Accordingly, we affirm the commission's award.

Affirmed.