COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Humphreys
Argued at Richmond, Virginia


WRANGLER, INC.
                                    MEMORANDUM OPINION* BY
v.    Record No. 2460-01-2         JUDGE ROSEMARIE ANNUNZIATA
                                         APRIL 30, 2002
MARY V. COXSON


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            J. David Griffin (Beth M. Coyne; Fowler,
            Griffin, Coyne, Coyne & Patton, P.C., on
            briefs), for appellant.

            Wesley G. Marshall for appellee.


        Wrangler, Inc. (employer) appeals the decision of the

Workers' Compensation Commission to compensate Mary V. Coxson

(claimant) for medical expenses incurred as a result of a

work-related accident.  For the reasons that follow, we affirm.

                              Background

        Mary V. Coxson was employed with Wrangler, Inc. for

approximately 29 years as a seamstress and production worker.

On January 17, 1995, while performing her duties, she fell on a

slippery floor.  She landed on her buttocks, back, and left arm.

On April 16, 1996, based on the parties' stipulations, a deputy

commissioner entered a "medical only" award for her injuries to

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

her back, leg, hip, arm, and neck arising out of and in the course of her employment.

Prior to the accident, Coxson had no back pain and had never been treated by a health care provider for problems related to her back. Following the incident, she did not have any other accidents that injured her back.

Dr. Christopher Zielinski, an orthopedist, began treating Coxson on February 13, 1995. Dr. Zielinski reported that Coxson suffered low back pain and lumbar strain caused by a fall at work on January 17, 1995. He prescribed physical therapy. The physical therapist's note reports Coxson's slip and fall as the cause of claimant's back strain. On June 14, 1995, Dr. Zielinski noted that Coxson's physical therapist had determined that continued treatment would not assist Coxson, and treatment was discontinued.

Coxson did not seek treatment again until May 15, 1996, when she returned to Dr. Zielinski complaining of right-sided lumbar pain that had not changed since she had last seen him. He diagnosed chronic, nagging back pain, and referred her for blood work and a bone scan.

Coxson again returned to Dr. Zielinski on January 17, 1998. He ordered an MRI, which showed degenerative disc disease with spinal stenosis at the L4 transitional level, but no focal disc herniation and no lateralization to the right. He opined that

-

Coxson's fall in January 1995 "at the very best . . . exacerbated a pre-existing condition."

On August 12, 1998, Dr. John Jane evaluated Coxson in the neurosurgery department of the University of Virginia. In describing her medical history in his report, he noted that Coxson suffered a worker's compensation injury in January 1995 and suffered low back pain and bilateral leg pain, right more than left. He ordered an MRI, which showed a large disc fragment stretching from L3 to L4 to L5. Dr. Jane noted that her prior MRI did not show a lesion of this size. On November 16, 1998, Dr. Jane performed a partial hemilaminectomy and discectomy and referred her to Dr. Robert Wilder, a physical medicine specialist.

Dr. Wilder examined Coxson on March 31, 1999. In his report, Dr. Wilder notes that Coxson reported an onset of symptoms related to her 1995 fall. He diagnosed her with status-post-lumbar discectomy, lumbar and thoracic pain syndrome, possible right radicular symptoms and possible pesanswerine tendonitis. He also noted that she had undergone extensive treatment including surgery, physical therapy, steroid injections, and medication. On December 11, 2000, Dr. Wilder issued an Attending Physician's Report indicating that Coxson's current back injury related back to her 1995 fall.

Coxson requested and received coverage from her health insurance company for her medical care, including the claims at

-

issue in this case.  She requested workers' compensation coverage for miles driven for medical care, and her out-of-pocket expenses for medical services related to her back injury, including surgery.  On each of her claim forms, her physicians certified that her condition was not related to her employment.

The deputy commissioner held that the employer was responsible for payment of medical expenses related to Coxson's back and knee.  The employer appealed, and the commission affirmed the award relating to Coxson's back injury, but reversed the award for expenses relating to her knee injury.

### Analysis

The employer contends on appeal that the commission erred in finding the evidence sufficient to prove that Coxson's medical expenses for her back injury were caused by the January 17, 1995 accident.  See Code § 65.2-101; Goodyear Tire & Rubber Co. v. Harris, 35 Va. App. 162, 167, 543 S.E.2d 619, 621 (2001).  Because "[t]he actual determination of causation is a factual finding[, it] will not be disturbed on appeal if supported by credible evidence."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989); see Watkins v. Halco Engineering, 225 Va. 97, 101, 300 S.E.2d 761, 763 (1983).  Evidence to the contrary in the record is of no consequence if there is credible evidence to support the commission's finding. Wagner Enterprises v. Brooks, 12 Va. App. 890, 804, 407 S.E.2d

-

32, 35 (1991). Furthermore, on appeal "we view the evidence in the light most favorable to [Coxson], the party prevailing before the commission." Great Eastern Resort Corp. v. Gordon, 31 Va. App. 608, 610, 525 S.E.2d 55, 56 (2000).

In reaching its decision, the commission noted that Drs. Jane and Wilder related Coxson's back injury to her January 1995 fall, that Coxson consistently complained of and sought treatment for her back problems from the time of her accident forward but not before, and that there was no evidence of intervening accidents or injuries to her back. We find that this evidence is credible and adequately supports the commission's factual finding.

The employer argues, however, that the commission erred in disregarding the gaps of time during which Coxson did not seek medical treatment for her back, Coxson's health insurance claims, which stated that her medical expenses were not caused by a work-related injury and the opinion of Dr. Zielinski, which indicated that Coxson's injuries did not relate back to her industrial accident. We find no merit in these contentions.

It is well settled that the consideration and weight to be given to the evidence, including medical evidence, is within the sound discretion of the commission. See Waynesboro Police v. Coffey, 35 Va. App. 264, 268, 544 S.E.2d 860, 861 (2001); Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). Therefore, assuming without deciding

-

that Dr. Zielinski's medical opinion and the statements made on Coxson's health insurance claim forms support the employer's position, the commission was not bound to accept them. See McLane v. Commonwealth, 202 Va. 197, 206, 116 S.E.2d 274, 281 (1960); Piatt v. Piatt, 27 Va. App. 426, 434, 499 S.E.2d 567, 571 (1998). Rather, the commission, in its discretion, was entitled to accept Dr. Wilder's opinion and consider the other evidence tending to show that Coxson's surgery and other medical services were caused by her fall on January 17, 1995. See Chandler v. Schmidt Baking Co., 228 Va. 265, 268, 321 S.E.2d 296, 297 (1984) (noting that where expert testimony conflicts, "the Commission may consider other evidence in determining whether a claimant has met [her] burden of proof").[1] Furthermore, to the extent that any evidence conflicts with the commission's factual finding, we must discard it. Watkins v. Commonwealth, 26 Va. App. 335, 349, 494 S.E.2d 859, 866 (1998).

Because credible evidence supports the commission's conclusion that Coxson's medical expenses were caused by her

---

[1] The employer contends that the commission erred in relying on Dr. Wilder's opinion that Coxson's back injuries related back to her fall while rejecting his testimony regarding the causal connection between her knee pain and the accident. In weighing the evidence, however, the fact finder is entitled to "discard or accept the testimony or any part thereof of any witness . . . ." Diggs v. Lail, 201 Va. 871, 877, 114 S.E.2d 743, 748 (1960) (emphasis added); accord Rickman v. Commonwealth, 33 Va. App. 550, 554, 535 S.E.2d 187, 190 (2000).

-

January 17, 1995 accident, which the parties have stipulated is compensable, we affirm the award of medical benefits.

<u>Affirmed</u>.